UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-595-CEH-AEP

JOEL EUGENE SAWYERS
_____/

### ORDER

This matter comes before the Court on Defendant Joel Eugene Sawyers' Motion to Adjust Sentence (Doc. 103). In the motion, proceeding *pro se*, he asks the Court to modify his sentence in a manner that reflects the Court's imposition of a concurrent term of imprisonment. The Government has responded in opposition (Doc. 127).

Upon review and consideration, and being duly advised in the premises, the motion is due to be denied because the Court does not have authority to modify Sawyers' sentence.

**A. Background**

In 2005, Sawyers pleaded guilty to possession of methamphetamine with intent to distribute in the Middle District of Georgia, and was sentenced to 97 months in prison. Doc. 2-2 at 1-2. His prison sentence was followed by five years of supervised release, which he transferred to the Middle District of Florida under Case No. 8:13-cr-486-RAL-MAP. *Id.* at 3; Doc. 3.

Sawyers was arrested for a violation of supervised release on August 16, 2017, and was detained pending a final revocation hearing. Doc. 9. The violation was based upon his recent state court arrest for trafficking and possession of methamphetamine, which became a federal indictment under Case No. 8:17-cr-595-CEH-AEP. Doc. 47 at 1. On September 20, 2018, District Judge Richard A. Lazzara sentenced him to time served on the violation and terminated his term of supervised release. Doc. 52. Sawyers remained incarcerated due to the new indictment. *See id.*

In Case No. 8:17-cr-595, the instant case, Sawyers pleaded guilty to one count of possession of methamphetamine with intent to distribute. Docs. 60, 62, 83. On December 20, 2018, this Court sentenced him to a term of 210 months imprisonment, which "shall run concurrent to the sentence imposed or as yet to be imposed in Middle District of Florida Case No. 8:13-cr-486[.]" Doc. 99 at 1-2.

Now, in his Motion to Adjust Sentence, Sawyers explains that he learned from his time computation sheet that his sentences were not being run concurrently, contrary to the Court's pronouncement. Doc. 103 at 1. Specifically, the Bureau of Prisons ("BOP") informed him that his sentence began in October 2018 instead of August 2017. *Id.* He therefore asks the Court to adjust his sentence "to reflect the intent of the court" and "rectify this mistake," or to appoint counsel to address the issue. *Id.*

Sawyers further explains that he contacted the BOP but "was rejected." *Id.* He attaches the letter he received from the BOP in response to his Request for

2

Administrative Remedy. Doc. *Id.* at 4.  In the letter, the acting warden of his facility stated that Sawyers' sentence "is calculated correctly."  He explained,

> On December 20, 2018, Judge Honeywell sentenced you to 210 months on case #CR-00595.  Your sentence began on this date for the 210 months, you were given credit for three months.  Accordingly, this sentence will run at the same time as case #CR-486-T-17.  The time spent in custody prior to December 20, 2018, is credited to case #486-T-17.

*Id.*  The acting warden also acknowledged that the judgment and commitment order contained the Court's pronouncement that Sawyers' sentence "shall run concurrent to the sentence imposed or as yet to be imposed in…Case No. 8:13-cr-486[.]" *Id.*  Finally, the acting warden explained the process for appealing to the Regional Director. *Id.* The appeal "must be received in the Regional Office within 20 calendar days of the date of this response," which was April 13, 2023. *Id.*

  Responding in opposition to the motion, the Government contends that the Court lacks jurisdiction to consider it. Doc. 127.  First, to the extent Sawyers is moving to correct his sentence, his motion is untimely under Fed. R. Crim. P. 35(a). *Id.* at 1. If he is instead asking the Court to provide credit for time served, the Government asserts that he has not exhausted all administrative remedies with the BOP. *Id.* at 2-3. The Government states that Sawyers appealed the response from the acting warden, but the appeal was rejected because it was illegible and untimely, having been received more than 20 days after the acting warden's letter. *Id.* at 3.

3

B. Discussion

Sawyers asks the Court to adjust his sentence in a manner that reflects the Court's intent in imposing a prison term that was concurrent with his prior sentence, in light of the BOP's determination that he will not receive credit for the time he was detained on the prior case. Upon review, the Court cannot grant the relief Sawyers seeks.

First, to the extent Sawyers asks the Court to give him credit for his time incarcerated since August 2017, the Government is correct that it is the BOP, rather than the Court, who "possesses the *exclusive* authority…to compute sentence credit awards after sentencing." *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (emphasis added); *see also United States v. Wilson*, 503 U.S. 329, 334 (1992) (Attorney General, through the BOP, is responsible for computing time credit under 18 U.S.C. § 3585(b)); *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990) (district courts lack jurisdiction to calculate sentences pursuant to 18 U.S.C. § 3585(b)).[1] If a federal

---

[1] 18 U.S.C. § 3585(b) provides that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences…as a result of the offense for which the sentence was imposed…*that has not been credited against another sentence*." (emphasis added); *see also Wilson*, 503 U.S. at 329 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time.").

The Court observes that Sawyers received a sentence of time served on his supervised release violation on September 20, 2018. Accordingly, the time Sawyers was detained from August 16, 2017, to September 20, 2018, was credited to Case No. 8:13-cr-486. Despite the Court's statement that the sentences should run concurrently, § 3585(b) bars him from also receiving credit for that time toward his sentence on the instant case. *See, e.g., Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 90 (11th Cir. 2009) (in § 2241 appeal, affirming finding that sentence was calculated correctly, despite "concurrent" sentence, because defendant could not receive credit for time served before sentencing date that was already credited to another case).

inmate wishes to challenge the BOP's computation of sentence credit awards, he must first exhaust his administrative remedies with the BOP before seeking judicial relief. *Id.* at 1556; *see also United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018). Once he has done so, he may challenge the administrative determination via a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which must be filed in the jurisdiction in which he is incarcerated. *See id.* (citations omitted). Sawyers has not fully exhausted his administrative remedies, and he did not file a § 2241 petition in the jurisdiction in which he is incarcerated. To the extent Sawyers seeks such relief from this Court, then, the Court lacks jurisdiction to provide it. *See Lucas*, 898 F.2d at 1556.

However, the Court understands Sawyers' motion to instead ask for a modification to the imposed sentence, in light of the BOP's finding that he will not receive credit toward the instant sentence for his time in detention on the violation. Nonetheless, to the extent he requests a modification of his sentence, the Court lacks authority to do so.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Sawyers' motion does not fit within any of those limited circumstances, which are listed in 18 U.S.C. § 3582(c). He does not seek compassionate release, *see id.* § 3582(c)(1)(A), he does not request a reduction based

5

on a sentencing range that was subsequently lowered, *see id.* § 3582(c)(2),[2] and he does not move for relief that is available in Rule 35 of the Federal Rules of Criminal Procedure. *See id.* § 3582(c)(1)(B). Under Rule 35(b), the Government may move to reduce a defendant's sentence if he has offered substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). Rule 35(a) provides that the Court may "correct a sentence that resulted from arithmetical, technical, or other clear error," within 14 days after sentencing. Fed. R. Crim. P. 35(a). Sawyers' motion was filed more than 14 days after sentencing, and it does not assert that his sentence resulted from an error. Because Sawyers has not asserted any of the limited grounds that allow for a modification of sentence, his motion cannot be granted. *See Roberson*, 746 F. App'x at 885-86 ("[T]o the extent Roberson seeks a change in his original sentence, the district court lacked the authority to grant that relief. …Roberson's motion does not fit within any of the recognized exceptions to the general rule.").

Accordingly, it is **ORDERED**:

1. Defendant Joel Eugene Sawyers' Motion to Adjust Sentence (Doc. 103) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties

---

[2] Sawyers has filed a separate motion for reduction of sentence pursuant to a retroactive amendment to the Sentencing Guidelines. Doc. 120. That motion will not be addressed in this Order.